UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

BESS E. EPSTEIN,                                :
                                                                   :
    Plaintiff,                                 :    Civil Action No. 17-8203 (SRC)
                                                                   :
v.                                                                :    **OPINION**
                                                                   :
COMMISSIONER OF SOCIAL            :
SECURITY,                                             :
                                                                   :
    Defendant.                                :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Bess E. Epstein ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning April 15, 2007. A hearing was held before ALJ Douglass Alvarado (the "ALJ") on March 22, 2016, and the ALJ issued an unfavorable decision on April 26, 2016, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of April 26, 2016, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff retained the residual functional capacity to perform her past relevant work. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but this Court need only reach the argument that succeeds: the ALJ's residual functional capacity determination at step four lacks sufficient explanation to make this decision amenable to meaningful review.

At step four, the ALJ discussed several pieces of medical evidence, including the opinion of treating physician Dr. Parangl, dated January 8, 2016. Dr. Parangl stated that Plaintiff could sit, stand, and walk for less than one hour per day and could lift and carry no weight. (Tr. 689.) In the decision, the ALJ summarized Dr. Parangl's opinion and dismissed it as follows: "[T]he treatment records do not support the severity of the impairments listed by Dr. Parangl. Moreover, Dr. Parangl has no program knowledge. Therefore, this opinion is given little weight." (Tr. 35.)

Plaintiff argues that the ALJ failed to give sufficient explanation of the reasoning that led him to give the treating physician's opinion little weight, and that the decision is unreviewable. This Court agrees. There is no way for this Court to understand or review the ALJ's decision on this issue. The ALJ failed to give any explanation of what he found in the treatment records that persuaded him that the records contradict the physician's conclusions.

In opposition, the Commissioner goes off on a tangent, arguing that Plaintiff has acknowledged that the record contains no treatment notes. (Def.'s Opp. Br. 10.) The Commissioner here has misunderstood what Plaintiff wrote in her brief: Plaintiff simply

2

observed the obvious, that the administrative record sent to this Court with the appeal does not contain Dr. Parangl's notes. Clearly, however, the ALJ claims to have read Dr. Parangl's notes and concluded that they did not support the severity of the impairments stated by the doctor. The Commissioner proceeds to argue that, if there are no notes in the record, Dr. Parangl's opinion cannot be a treating source opinion. This is nonsense.

There is no dispute that Dr. Parangl is a treating physician who submitted an expert medical opinion. The ALJ clearly examined the treatment record. He rejected the physician's opinion on the basis of his review of these records. However, except for a cursory reference to the fact that the physician did not have "program knowledge," the ALJ gave no explanation as to why he found that the records did not support the opinion. The ALJ did not sufficiently explain his rationale for giving little weight to the opinion to make this decision amenable to meaningful review.

An ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). In the present case, the ALJ's decision does not contain sufficient explanation of his findings to permit meaningful review. The ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000).

Because the ALJ did not give sufficient explanation for his decision, this Court cannot review it. Among other issues, this Court cannot evaluate the possibility that the ALJ may have substituted his own lay opinion for the opinion of a treating medical expert. In Plummer v.

Apfel, the Third Circuit held:

> [A]n ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence. When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.
>
> Treating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted). The Third Circuit has further explained: "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). In any case, on this record, there is no way to review the ALJ's decision.

The ALJ's residual functional capacity determination at step four does not contain sufficient explanation to allow meaningful review. For this reason, pursuant to Burnett, the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: January 28, 2019